OPINION
{¶ 1} Plaintiffs-appellants, Siegfried and Beate Kramer, appeal a decision of the Mahoning County Common Pleas Court dismissing their breach of contract action on the basis of forum non coveniens.
 {¶ 2} On January 29, 1988, defendant-appellee, Anita Poppinghaus, entered into a purchase agreement with appellants. The contract consisted of an agreement to purchase the real property and tangible assets of Ilka Ceramics (located in Mahoning County) as well as an agreement for a personal services contract for appellant Siegfried Kramer. Paragraph 7(g) of the agreement specified the following:
 {¶ 3} "This contract shall be in accord and governed by the laws and statutes of the Federal Republic of Germany (West Germany)."
 {¶ 4} Appellants maintain that appellee breached the contract. Appellants subsequently commenced a civil action against appellee in the Federal Republic of Germany, seeking payment of the balance of the purchase price in the amount of $86,500. Appellee filed a counterclaim on July 23, 1993, seeking a declaratory judgment that appellants possessed no further claims arising out of the contract other than for the balance of the purchase price. This litigation addressed claims under paragraphs 7(a) through 7(d) of the purchase agreement.
 {¶ 5} On July 29, 1992, while the civil suit was pending in the German court, appellants filed a complaint against appellee in the Mahoning County Court of Common Pleas, seeking payment of the balance of the purchase price as well as payments due under paragraphs 7(a)-(d) of the purchase agreement. The court dismissed this case on September 10, 1993, without prejudice, for failure by appellants to obtain service within one year of the date on which the complaint was filed.
 {¶ 6} Appellants filed a second complaint in the Mahoning County Common Pleas Court on November 1, 1993. This suit sought damages for payments claimed under paragraphs 7(a)-(d) of the purchase agreement. On May 16, 1994, while the second Mahoning County suit was pending, the German Regional Court of Koblenz found for appellants, and ordered appellee to pay the balance of the purchase price. The court issued its final judgment on August 12, 1994, holding that the appellants had no further claims, against appellee, arising out of the purchase agreement. Appellants appealed the damage award while appellee demanded a judicial determination that appellants had no further claims under the purchase agreement.
 {¶ 7} On December 1, 1994, the second Mahoning County case was dismissed for want of prosecution. Appellants then commenced a third action in the Mahoning County Court of Common Pleas, again claiming damages under paragraphs 7(a)-(d) of the purchase agreement. While this case was pending, the Koblenz (Germany) Court of Appeals issued a part judgment finding that appellants had no further claims under the purchase agreement other than for the balance of the purchase price. The court released its final judgment on April 17, 1997.
 {¶ 8} On May 21, 1997, the common pleas court stayed the third Mahoning County action until the conclusion of the litigation between the parties in the Federal Republic of Germany. On June 26, 1997, appellants filed a Notice of Dismissal of this action, which the court approved.
 {¶ 9} Subsequently, appellants filed a fourth Mahoning County action against appellee on July 2, 1997. That case is the subject of this appeal. Again, appellants claimed damages under paragraphs 7(a) through (d) of the purchase agreement, but on November 26, 1997, the court stayed all proceedings pending the final decision of the German courts.
 {¶ 10} On February 18, 1998, the Federal Supreme Court (Germany) dismissed appellants' appeal of the part judgment of the Court of Appeals of Koblenz. On February 25, 1998, appellants voluntarily withdrew their appeal of the final judgment of the appeals court. The Federal Supreme Court terminated the litigation and upheld the appeals court decision on May 13, 1998.
 {¶ 11} Subsequently, the court of common pleas lifted the stay order, and on April 6, 2000, appellants amended the complaint. In this amendment, appellants asserted that the contract was null and void due to breach of contract and sought the rescinding of the purchase agreement and return of all of the corporate assets or their fair market value ($3 million). Appellee filed a motion to dismiss for forum non conveniens, or, in the alternative, summary judgment. The trial court sustained appellee's motion to dismiss for forum non conveniens on July 19, 2001. This appeal followed.
 {¶ 12} Appellants' sole assignment of error states:
 {¶ 13} "WHERE ALL OF THE PUBLIC AND PRIVATE INTEREST FACTORS WHICH ARE DETERMINATIVE OF THE ISSUE THAT IS PRESENTED BY A FORUM NON CONVENIENS MOTION CLEARLY SUPPORT THE CHOSEN FORUM, A COURT ERRS IN DISMISSING AN ACTION FOR FORUM NO CONVENIENS."
 {¶ 14} "In Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988),35 Ohio St.3d 123, 519 N.E.2d 370, the court held that the common-law doctrine of forum non conveniens is committed to the sound discretion of the trial court and may be employed pursuant to the inherent powers of the court to achieve the ends of justice and convenience of the parties and witnesses. The court further held that where the trial court has considered all relevant public and private interest factors and where its balancing of these factors is reasonable, the decision of the trial court deserves substantial deference. Id. at 127, 519 N.E.2d at 373-374.
 {¶ 15} "The private-interest factors which the trial court must consider include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of a view of premises, if a view would be appropriate to the action; (4) and all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id.
 {¶ 16} "The public interest factors which are to be considered by the trial court include (1) the administrative difficulties and delay to other litigants caused by congested court calendars; (2) the imposition of jury duty upon the citizens of a community which has very little relation to the litigation; (3) a local interest in having localized controversies decided at home; (4) and the appropriateness of litigating a case in a forum familiar with the applicable law. Id.
 {¶ 17} "In addition, it must be noted that the plaintiffs' choice of forum should be given great deference, although a foreign plaintiff's choice of forum deserves less deference than a plaintiff that has chosen his or her home forum. Id.
 {¶ 18} "`The final aspect of the common law doctrine is the applicable standard of review upon appeal from a forum non conveniens dismissal. "The forum non conveniens determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference. * * *"' Id., citing Gulf Oil Corp. v. Gilbert (1947),330 U.S. 501, 511-512, 67 S.Ct. 839, 844-845, 91 L.Ed. 1055, 1063-1064;Koster v. Lumbermens Mut. Cas. Co. (1947), 330 U.S. 518, 531,67 S.Ct. 828, 835, 91 L.Ed. 1067, 1077-1078; and Piper Aircraft Co. v. Reyno
(1981), 454 U.S. 235, 237, 102 S.Ct. 252, 256-257, 70 L.Ed.2d 419, 424."Corporate Partners v. National Westminster Bank (1998),126 Ohio App.3d 516, 525.
 {¶ 19} In this case, concerning the private factors, neither party has asserted strong claims with respect to the relative access of sources of proof in either forum (Germany or Mahoning County). Appellants, however, make reference to unspecified witnesses who are located in Ohio and who only speak English. They further assert that the cost of transporting these witnesses to Germany and to have translators to assist them would be cost prohibitive. Conversely, appellants assert that appellee has adequate financial resources and English language skills needed to attend proceedings in Mahoning County and has openly availed herself of business opportunities located within the county. However, it is unclear why appellants chose to avail themselves of the German court system for their first suit if they knew that the costs of conducting litigation in Germany would be truly prohibitive.
 {¶ 20} Next, appellants assert that it would be impossible for a German court to inspect the premises, which are located in Mahoning County. Given that this case involves a breach of contract, it is unclear how inspection of the premises is "appropriate" or necessary, and appellants have not provided grounds to support such a necessity for inspection.
 {¶ 21} We turn now to the public factors, the first being administrative difficulties and delay to other litigants caused by congested court calendars. Since the alleged breach of contract, appellants have filed no less than five court actions (one in Germany and four in Mahoning County) pertaining to claims made on the basis of the purchase agreement. The four Ohio cases have, at some point, been stayed by the court, pending completion of the German civil action and appeals process. Although appellants are not required, under the terms of the purchase agreement, to bring all related claims in one suit, the choice to file separate claims in separate forums has created a confusing and complex procedural history. Consequently, the best means of preserving judicial resources would be to consolidate these actions under the umbrella of one court so that other courts do not have their dockets backed-up while awaiting pending decisions of foreign tribunals.
 {¶ 22} As the trial court indicated in its decision, since the parties already litigated their claims in a German court, the Ohio courts have "a duty to preserve judicial resources and prevent duplicative or piecemeal litigation." Case No. 97 CV 2132. As appellants chose to file the first suit in Germany and have already had the opportunity to have their claims tried on the merits, it is more prudent that the German courts be the forum of the consolidation.
 {¶ 23} The second public factor is the imposition of jury duty upon the citizens of a community which has very little relation to the litigation. Arguments can be made that either forum possesses jury pools comprised of citizens who have some relation to the litigation. Ohio jurors have an interest in the litigation given the fact that the real property and the corporation are located in Mahoning County. Likewise, German courts have an interest in the litigation, as the named defendant in the case is a resident of Germany. Thus, the application of this criterion does not lean toward either forum.
 {¶ 24} The third public factor is a local interest in having localized controversies decided at home. Appellants claim that since Ohio was the forum for performance of the contract, then this constitutes a compelling interest to have the matter litigated in Ohio. Again, appellants run into the question as to why, if forum contractum is so important to the resolution of this dispute, did appellants choose to first invoke the jurisdiction of the German courts rather than Ohio courts. Moreover, if Ohio has the stronger local interest in deciding the controversy, it is unclear why appellants agreed that the terms of the contract were to be decided under German, and not Ohio, law.
 {¶ 25} The fourth and last public factor is the appropriateness of litigating a case in a forum familiar with the applicable law. Under the terms of the purchase agreement, all subsequent claims are to be litigated in accordance with German law. Therefore, regardless of which forum ultimately hears a related case, the same law is to be applied. The trial court recognized that there are many problems inherent with an Ohio court applying German law. First and foremost, the German courts are a better arbiter of their own law as they possess greater expertise of German law. Therefore, it is more appropriate for a German tribunal to apply German law than it is for an Ohio court to attempt to do the same. Moreover, there are great costs associated with any attempt by an Ohio court to apply German law. This cannot simply be analogized to an Ohio court that applies the laws of New York or Florida, as it is much more complex.
 {¶ 26} The applicable German laws must be translated into English before they can be applied by an Ohio court. While the appendix to the appellant's brief includes English translations of several sections of the German legal code, it can be, by no means, a comprehensive list of any and all German laws and procedural rules which would be relevant to litigating the case under the choice-of-law terms of the purchase agreement. Furthermore, there are fundamental differences between the American common law system and the German legal system (which is based on the Napoleonic Code) that Ohio judges are not familiar with, and may not be able to master from a cursory reading of excerpts of German law. It is unrealistic and perhaps inappropriate to ask an Ohio court to effectively wield the procedural devices that are a part of the German legal system. This is not to say that it is never appropriate for an American court to apply the laws of foreign nations when the parties have consented to such proceedings, but the burden that is placed on the court must not be so overwhelming as to undermine the pursuit of justice. See Stalinski v.Bakoczy (W.D. Ohio 1998), 41 F. Supp.2d 755, 764.
 {¶ 27} In sum, the evidence does not rise to the sufficient degree of severity that would justify a ruling that the trial court abused its discretion in granting the motion to dismiss for forum non conveniens. Appellants have failed to show why they chose to invoke the jurisdiction of the German courts if it is so costly and inconvenient to litigate this case in Germany. Moreover, there are enough factors, such as judicial efficiency and res judicata, which indicate that the German courts may be the more appropriate forum for hearing any future claims arising out of the purchase agreement. Consequently, appellants have failed to show that the trial court demonstrated a "perversity of will, passion, prejudice, partiality or moral delinquency." Chambers, id. at 133.
 {¶ 28} Accordingly, appellants' sole assignment of error is without merit.
 {¶ 29} The judgment of the trial court is affirmed.
Judgment affirmed.
Vukovich, J., and DeGenaro, J., concur.